UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CORDARO A. WILLIAMS, | ) |
| Petitioner, | ) Case No. 5:20-cv-213-HRW |
| v. | ) |
| FMC-LEXINGTON, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Cordaro A. Williams is a federal prisoner currently confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without an attorney, Williams has filed a motion styled "Motion Requesting a Judicial Recommendation for RRC." [R. 1.] Williams has not paid the filing fee or moved for leave to proceed *in forma pauperis*. Further, although Williams has filed this motion in his district of confinement, not of conviction,[1] Williams has not specifically articulated a request for habeas relief under 28 U.S.C. § 2241.

For a number of reasons, this Court must deny Williams's request for relief. As Williams seems to recognize, he has no constitutional right to home confinement

---

[1] In 2015, the Central District of Illinois sentenced Williams to a 120-month term of imprisonment for his violation of 21 U.S.C. § 841(b)(1)(B). *See United States v. Williams*, Case No. 1:12-cr-10102-JES-JEH (C.D. Ill. 2012), R. 35 therein.

or placement in a halfway house. 18 U.S.C. § 3624(c) permits the BOP to place an inmate in a halfway house or home confinement for up to the last twelve months of his or her sentence, but the statute does not *require* such a placement for any particular amount of time. Instead, the statute requires the BOP to *consider* placing an inmate in a halfway house or home confinement for up to a twelve-month period. Ultimately, however, the BOP enjoys discretion over the placement. *See, e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Lovett v. Hogsten*, Case No. 09-5605, 2009 WL 5851205, at *1-2 (6th Cir. Dec. 29, 2009); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016) ("[T]he decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)."). Williams has not alleged that the BOP has failed to consider him for home confinement or transfer altogether. Accordingly, Williams has not alleged any violations of his constitutional rights.

Further, upon review, it appears that Williams is not seeking a writ of habeas corpus so much as a judicial recommendation or modification to his sentence. To the extent Williams actually wishes to seek compassionate release to home detention, he should file a motion pursuant to 18 U.S.C. § 3582(c). Notably, a motion for modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c) should be made to the court that sentenced Williams, not to this Court. *See*

18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). In this case, that means Williams should make his request to the Central District of Illinois. This Court cannot utilize 18 U.S.C. § 3582 to modify a sentence that it did not impose.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Williams's Motion Requesting a Judicial Recommendation for RRC [R. 1] is **DENIED WITHOUT PREJUDICE**, to Williams's right to seek relief in his district of conviction;

2. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 1st day of June, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge